# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WENDELL C. HELFRICK** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00689 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **RUSSELL L. RABB, III,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Wendell C. Helfrick, Pro Se Plaintiff; Christopher S. Dadak,* GUYNN, WADDELL, CARROLL & LOCKABY, P.C., *Salem, Virginia, for Defendant.*

The plaintiff, Wendell C. Helfrick, a Virginia inmate proceeding pro se, filed his Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his motion for DNA testing of evidence from his criminal case. After review of the record, I conclude that the defendant's Motion to Dismiss must be granted.

Helfrick is an inmate in the custody of the Virginia Department of Corrections, who is currently confined at River North Correctional Center. In 2011, a jury in the Circuit Court of Culpeper County, Virginia, found Helfrick guilty of forcible sodomy (fellatio); forcible sodomy (anal); and breaking and entering with intent to commit rape. In accordance with the jurors' recommendation, the court sentenced Helfrick to two life terms plus twenty years in prison and a $25,000 fine.

Helfrick's direct appeals were unsuccessful, and his federal habeas corpus proceedings, which were also unsuccessful, concluded in 2017.

Virginia law provides authority for a convicted felon to bring a motion in the trial court for scientific analysis of newly discovered or previously untested scientific evidence. To bring such a motion, the felon must show that

> the evidence was not known or available at the time the conviction . . . became final in the circuit court or the evidence was not previously subjected to testing; (ii) the evidence is subject to a chain of custody sufficient to establish that the evidence has not been altered, tampered with, or substituted in any way; (iii) the testing is materially relevant, noncumulative, and necessary and may prove the actual innocence of the convicted person or the person adjudicated delinquent; (iv) the testing requested involves a scientific method generally accepted within the relevant scientific community; and (v) the person convicted . . . has not unreasonably delayed the filing of the petition after the evidence or the test for the evidence became available.

Va. Code Ann. § 19.2-327.1(A). The petitioner must serve a copy of his motion on the prosecutor, who has thirty days to respond. Then, within ninety days of the motion, the circuit court must hear the motion and then resolve it. Va. Code Ann. § 19.2-327.1(C), (D).

> An action under this section or the performance of any attorney representing the petitioner under this section shall not form the basis for relief in any habeas corpus proceeding or any other appeal. Nothing in this section shall create any cause of action for damages against the Commonwealth or any of its political subdivisions or any officers, employees or agents of the Commonwealth or its political subdivisions.

Va. Code Ann. § 19.2-327.1(F).

Helfrick has filed four motions in the Circuit Court of Culpeper County seeking to have biological evidence from his case retested or tested. The court has dismissed all four motions, finding each time that Helfrick had not met the enumerated elements required under the statute to prove eligibility for testing. Specifically, Helfrick wants certain samples retested using new DNA testing analyses. He also wants testing of three evidence items that were previously untested: Item 1 (pillow), Item 2 (pillow), and Item 6 (knife). He contends that all of these evidence items have been continuously held by the prosecutor or his agents, except when some were sent for testing to the Department of Forensic Science ("DFS"). Helfrick maintains that "the combination of testing/retesting will eliminate [him] as having used or touched either of the (2) knives indicated by the prosecution, and will collaborate [sic] [his] defense that the sexual encounter was consensual, therefore rul[ing] out the prosecution's theory of force, threat and intimidation." Compl. 4, ECF 1. He also asserts that the "evidence would refute the testimony given from the alleged victim, that the jurors wholly relied upon." *Id.*

In Helfrick's present action he sues the prosecutor in his case, Russell L. Rabb, III, claiming that Rabb's refusals to test or retest the evidence items as requested have deprived Helfrick of a liberty interest without due process. Helfrick also asserts that Va. Code Ann. § 19.2-327.1 is unconstitutional because it does not include "a meaningful appeal process to the denial of testing." *Id.* at 2. As relief, he asks this

court for declaratory and injunctive relief so that he may have items tested or retested for exculpatory DNA evidence and recover the costs of this litigation. The defendant has filed a Motion to Dismiss, and Helfrick has responded, making the matter ripe for disposition.

A district court should dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

An inmate has no substantive due process right after his conviction to have DNA evidence preserved or tested. *Dist. Att'y's Off. for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72 (2009); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011). It is true that such a defendant may have a protected "liberty interest in demonstrating his innocence with new evidence under state law," *Osborne*, 557 U.S. at 68, and may pursue a § 1983 procedural due process claim in that context. *Skinner*, 562 U.S. at 524-25. Where the defendant contends, however, "that the state circuit court

erroneously applied the statute in deciding his case," a federal district court "lack[s] jurisdiction over this claim under the *Rooker-Feldman* doctrine.[1] *Muhammad v. Green*, 633 F. App'x 122, 123 (4th Cir. 2016) (unpublished).

Liberally construed, Helfrick's Complaint asserts that the prosecutor should not have recommended denial of Helfrick's motions for DNA testing, and the state court should have granted his testing request. I lack jurisdiction under § 1983 to review the merits of the state court's decisions that Helfrick is not entitled to the relief he seeks. Therefore, to the extent that Helfrick asks me to order a different outcome on his testing requests, I must dismiss his case for lack of jurisdiction.

Helfrick also declares in his submissions that Va. Code Ann. § 19.2l-327.1 is unconstitutional. Specifically, Helfrick complains that by failing to include a procedure allowing him to pursue a meaningful appeal from the state court's denial of a motion for testing, the statute deprives him of a liberty interest in using state procedures to obtain reversal of his conviction or reduction of his sentence without due process. Among other arguments,[2] the defendant contends that Helfrick's constitutional challenge to Virginia's DNA statute has no merit. I agree.

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[2] I note that the defendant's other arguments — lack of standing, improper defendant, absolute immunity, and qualified immunity — are either without merit or do not dispose of Helfrick's claims for prospective relief. *See, e.g.*, *LaMar v. Ebert*, 681 F.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Where a claimant asserts procedural due process claims, as Helfrick does, the court must first consider whether the inmate has asserted a protected interest and, if so, whether he was afforded the minimum procedural protections required by the Fourteenth Amendment before he was deprived of that interest. *Incumaa v. Stirling*, 791 F.3d 517, 526 (4th Cir. 2015).

A "criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Osborne*, 557 U.S. at 68. Thus, "'[t]he State . . . has more flexibility in deciding what procedures are needed in the context of postconviction relief,'" and "due process does not 'dictate the exact form' of post-conviction assistance a State must provide." *Morrison v. Peterson*, 809 F.3d 1059, 1065 (9th Cir. 2015) (quoting *Osborne*, 557 U.S. at 68–69) (alteration omitted). In such circumstances,

> the question is whether consideration of [the convicted individual]'s claim within the framework of the State's procedures for postconviction relief "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or "transgresses any recognized principle of fundamental fairness in operation."

---

App'x 279, 286 (4th Cir. 2017) (unpublished) (rejecting argument that Helfrick lacked standing to sue prosecutor regarding challenge to Virginia DNA testing statute).

*Osborne*, 557 U.S. at 69 (quoting *Medina v. California*, 505 U.S. 437, 446, 448 (1992)). Therefore, "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Id.*

It is well established that "there is no constitutional right to an appeal" from a lower court's ruling. *Abney v. United States*, 431 U.S. 651, 656, (1977); *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ("[T]he right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice."). Any right to appeal, if one exists, "is purely a creature of statute." *Abney*, 431 U.S. at 656. Thus, a state legislature (not the dictates of any federal constitutional provision) determines whether or not to provide an appellate procedure in any statutory scheme implemented as state law. *See, e.g., M. L. B. v. S. L. J.*, 519 U.S. 102, 111 (1996) (states are not "required to establish avenues of appellate review"); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974) (defining limited due process protections in prison disciplinary proceedings, which do not include any right to appellate review).

Under this precedent, I cannot find that Virginia's DNA testing statute, by failing to include appellate review, "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or "transgresses any recognized principle of fundamental fairness in operation."

*Osborne*, 557 U.S. at 69 (citation omitted). As discussed, federally required due process protections do not include a right to appellate review. Moreover, the provisions of the Virginia statute are similar to those discussed in the *Osborne* decision — offering access to DNA testing where the test results will possibly determine that the movant is actually innocent of a crime for which he stands convicted. For these reasons, I conclude that Helfrick has not posed a viable constitutional challenge to the Virginia DNA statute, and I will grant the Motion to Dismiss on that ground.[3]

When a plaintiff questions the constitutionality of a state statute and the parties *do not* include the state or one of its agencies or officers in an official capacity, the court must certify to the state's attorney general that a statute has been constitutionally challenged. Fed. R. Civ. P. 5.1(a), (b). The defendant has moved for certification to the Attorney General of Virginia of Helfrick's constitutional challenge to Va. Code Ann. § 19.2-327.1. I find no merit to this motion, however. The defendant's own brief indicates that deputy Commonwealth's attorneys in

---

[3] I note that Helfrick has made no showing that DNA test results are likely to prove his actual innocence. Indeed, quite the contrary is true. Helfrick has asserted that the requested DNA testing would show that he never touched the two knives in evidence and would, thus, contradict the prosecution's claims of force or intimidation and refute the victim's testimony. In fact, Helfrick's exhibits include a portion of the trial transcript in which a DNA expert testified that an individual might pick up a knife and hold it for periods of time without leaving sufficient DNA to allow investigators to develop a profile of that individual.

Virginia, like the defendant, are state employee for purposes of a § 1983 action or for absolute or qualified immunity.  *See, e.g., Davison v. Plowman*, 247 F. Supp. 3d 767, 780–81 (E.D. Va. 2017) (holding that claims against Commonwealth's attorney or his office are paid in part by the state, thus qualifying for immunity), *aff'd*, 715 F. App'x 298 (unpublished) (4th Cir. 2018).

While Helfrick does not expressly state that he is suing the defendant in his official capacity, I liberally construe his Complaint as doing so.  Furthermore, I find no authority that a deputy Commonwealth's attorney is *not* a state employee for purposes of Rule 5.1(b) and 28 U.S.C. § 2403(b).  I find no basis on which I am obligated to certify Helfrick's constitutional challenge to the Attorney General of Virginia.  Therefore, I will deny the defendant's Motion to Certify.

For the reasons stated, it is **ORDERED** that the defendant's Motion to Dismiss, ECF No. 22, is GRANTED, the defendant's Motion to Certify, ECF No. 27, is DENIED.

Judgment will enter herewith for the defendant.

ENTER:  December 1, 2021

/s/  JAMES P. JONES
Senior United States District Judge